
FILED

2012 May-29  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL STANLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:12-cv-00374-JEO** |
| **CITY OF CLAY, ALABAMA,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Stanley, a former Director of Parks and Recreation for the City of Clay, Alabama, brings this lawsuit against the City. (Doc. 1). The lawsuit arises from plaintiff's termination in or around June 2011, his reinstatement in September 2011, and his subsequent termination in January 2012. (Docs. 1 & 3). From these employment actions, plaintiff asserts the following claims against the City: (1) "Failure to Pay Back Pay"; (2) "Fair Labor Standard Act"; (3) "Wrongful Termination Res Judicata/Due Process"; and (4) "Wrongful Termination - Due Process"; and (5) "Wrongful Demotion - Due Process." (*Id.*) The action is now before the court on the City's Motion to Dismiss the Complaint and Amended Complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 5). For the reasons discussed below, the undersigned recommends that the motion is due to be granted in part and denied in part.

## STANDARD OF REVIEW

In considering a defendant's motion to dismiss filed pursuant to Rule 12(b)(6), the court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor. *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir. 1993). Generally, to survive a motion to dismiss

and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but rather "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## BACKGROUND[1]

According to the factual allegations in the Complaint and Amended Complaint, the City issued plaintiff a Notice of Contemplated Disciplinary Act on June 8, 2011, and then terminated his employment without holding a pre-termination hearing. (Doc. 1 at 2 ¶¶ 15, 17). Plaintiff appealed the termination to the City's Personnel Board, which held a hearing on the matter on September 20, 2011, and then directed the City to reinstate plaintiff to his previous pay grade. (*Id.* at 3 ¶¶ 18, 19). According to plaintiff, the City subsequently reinstated him, transferred him to a new position, "return[ed] [him] to the same pay grade," and "modified his pay from that of being a salaried employee to one of being an hourly employee." (*Id.* at 3 ¶ 20). Particularly relevant to the underlying claims, the City refused to pay plaintiff any of the back pay he accrued between the first termination and the reinstatement because the Personnel Board's directive did

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 129 S. Ct. at 1950.

2

not order back pay.  (*Id*. at 3 ¶¶ 21, 22).

On December 20, 2011, the City issued plaintiff a second Notice of Contemplated Disciplinary Action.  (Doc. 3 at 1 ¶ 2).  According to plaintiff, the notice was based on the same facts and allegations as the City's attempted to termination him in June 2011.[2]  (*Id*. at 1 ¶ 3).  Plaintiff responded to the notice, and the City scheduled a pre-termination hearing.  (*Id*. at 2 ¶¶ 6-7).  After the hearing, the City terminated plaintiff's employment by letter dated January 30, 2012.  (*Id*. at ¶ 9).  That same day, plaintiff requested an appeal with the Personnel Board within 10 days.  (*Id*.)  From the materials before the court, plaintiff had not received a post-termination hearing as of March 29, 2012.  (Doc. 7).

## DISCUSSION

### A.    Count One - Failure to Pay Back Pay

In Count One, plaintiff alleges:

> Contrary to law, Defendant[] ha[s] failed and refused to pay [plaintiff] back pay from the date of his wrongful termination until the date of his reinstatement.
>
> As a direct and proximate consequence of the above, Plaintiff[] was caused to suffer the following damages in the amount of lost wages.

(Doc. 1 at 3 ¶¶ 24, 25).

The City argues that Count One is due to be dismissed for failure to identify a known cause of action.  (Doc. 5 at 3).  The City notes that plaintiff merely alleges that the denial of back pay is "contrary to law" and that such a broad allegation fails to necessarily "raise [the] right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Simply, without a specified legal

---

[2]Plaintiff refers to the June 2010 in the Amended Complaint.  (Doc. 3).  The court presumes that this is a typographical error and that he intended to refer to the June 2011 termination.  (Doc. 1).  The correct date is not determinative of the present motion.

basis under which plaintiff would be entitled to back pay, the City argues that Count One fails to state a claim upon which relief can be granted.

Plaintiff responds that his claim is "simple" and that "[a] better title to the Count may have been 'Wrongful Termination.'" (Doc. 7 at 2).  He also requests that this court construe the City's motion as seeking a more definite statement and then allow "an amendment to the title of said Count to one for 'Wrongful Termination.'"  (*Id.*)  However, an amendment to the title of Count One will not remedy the fact that plaintiff has failed to identify any federal laws under which he may recover back pay.  The law is clear that "[u]nder Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  *Twombly*, 550 U.S. at 570 (emphasis added).  Here, due to the limited factual allegations and threadbare legal claims, the court cannot discern the cause of action under which plaintiff seeks to recover back pay.  To properly state a cause of action, plaintiff must identify the laws he claims the City violated and the pertinent facts which support these violations.  The court will accept plaintiff's suggestion that the City's motion be construed as a motion for more definite statement and provide plaintiff ten days to file a Second Amended Complaint, specifying the federal laws under which he asserts wrongful termination and the recovery of back pay.  The undersigned also reminds plaintiff that the district courts of the United States are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

**B.     Count Two - Fair Labor Standard Act ("FLSA")**

In Count Two, plaintiff alleges:

      Defendant[']s above described conduct amounts to a violation of the Fair

Labor Standards Act.

As a direct and proximate consequence of Defendant['s] violation of the Fair Labor Standards Act, Plaintiff has been caused to suffer damages.

(Doc. 1 at 4 ¶¶ 28, 29).

The City contends that Count Two is due to be dismissed for failure to state a FLSA claim upon which relief can be granted. (Doc. 5 at 3). The City specifically argues that the claim is improper under the FLSA because plaintiff fails to allege that he worked, much less that he was not properly paid for his actual work. (*Id.*) Indeed, plaintiff alleges that he is entitled to back pay for the period when he was unemployed, *i.e.*, between his first termination and reinstatement. Plaintiff responds that the City "fails to mention the reason [he] was not working was because Defendant terminated him wrongfully" and that defendant "comes to this argument with 'unclean hands.'" (Doc. 7 at 2). Further, plaintiff contends that the City incorrectly argues that "its inequitable actions fail to act as a bar to its bringing a defense against [his] right to be fairly compensated pursuant to law for the time he was wrongfully terminated." (*Id.*)

Plaintiff's response indicates a misunderstanding of the FLSA. The FLSA establishes minimum labor standards to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay. *See* 29 U.S.C. § 216(b). Here, however, plaintiff has not alleged facts indicating that he was a covered employee. The FLSA defines the term "employee" as "any individual employed by an employer," 29 U.S.C. ¶ 203(e)(1), and, here, plaintiff clearly seeks

5

back pay for wages while he was <u>not employed by the City</u>. Other areas of the law provide remedies for wrongful terminations and the recovery of back pay. For these reasons, the undersigned finds that an amendment to plaintiff's FLSA claims would be futile and, therefore, Count Two is due to be dismissed.

**C.  Count Three - Wrongful Termination Res Judicata/Due Process**

In Count Three, plaintiff alleges:

> Defendant is attempting to terminate [plaintiff] for *precisely* the same reasoning it attempted and failed to terminate [plaintiff] in June of 2010.

> Defendant is barred by due process and the doctrine of *res judicata* from attempting to terminate [plaintiff] for a second time causes which they wrongfully terminated him nine (9) months ago by failing to give him due process at that time.

(Doc. 3 at 2 ¶¶ 12, 13) (emphasis original).

The City contends that Count Three is due to be dismissed for failure to allege a recognized cause of action because *res judicata* is a form a claim preclusion, not an independent cause of action. (Doc. 5 at 4). The City also argues that the *res judicata* claim is without merit because the Personnel Board's determination that the City failed to provide plaintiff due process was not a ruling on the merits of plaintiff's termination. Additionally, to the extent plaintiff asserts a due-process claim as to the second termination, the City contends that the claim is without merit because it provided a pre-termination hearing.

Plaintiff responds that his second termination is not barred by *res judicata* because the fact that "the [Personnel] Board made a finding based on Defendant's procedural failure does not preclude the finding from being 'on the merits.'" (Doc. 7 at 3). Plaintiff further contends that the City cannot rely upon "the same old evidence and terminate [him] this time properly" because

such an action is "barred by the doctrine of *res judicata*."  (*Id*. at 4).

The court is not persuaded by plaintiff's arguments because the face of the Complaint demonstrates that the Personnel Board's previous determination was premised only on procedural grounds, *i.e.*, that the City failed to hold a pre-termination hearing.  (Doc. 3 at 2 ¶ 4). In the Amended Complaint, plaintiff specifically alleges: "Because the City failed to provide [plaintiff] with appropriate Due Process as required by the Constitution, [plaintiff's] wrongful termination was set aside and he was reinstated after a hearing in front of and pursuant to a determination of the Personnel Board for the City of Clay."  (Doc. 3 at 3 n.1).  Under Alabama law, the doctrine of *res judicata* will preclude the relitigation of a claim that was, or could have been, adjudicated in a prior action when the following four elements are established: "(1) <u>a prior judgment on the merits</u>, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions."  *Greene v. Jefferson Cnty. Comm'n*, 13 So. 3d 901, 910 (Ala. 2008) (citations omitted).  Here, the face of the Complaint lacks any indication that the Personnel Board deemed the first termination improper <u>on the merits</u>.  Therefore, the Personnel Board's hearing and directive to the City does not bar the second termination decision, the pre-termination decision, or the post-termination hearing by *res judicata*.

Further, as to the due-process claim concerning the second termination, plaintiff explicitly alleges that the City terminated his employment "[a]fter the January 20, 2012, Pretermination Hearing."  (*Id*. at 2 ¶ 4).  Thus, the face of the Complaint indicates that plaintiff received due process with respect to the second termination.  Based on the allegations in the Complaint and Amended Complaint, the undersigned finds no claim in Count Three upon which

relief may be granted and that an amendment to the claim would be futile.  Accordingly, Count Three is due to be dismissed.

**D.      Count Four - Wrongful Termination - Due Process**

In Count Four, plaintiff alleges: "[Plaintiff] has been terminated wrongfully in that he has not been provided due process as required by law; specifically, [plaintiff] has not been afforded a Post-Termination Hearing."  (Doc. 3 at 3 ¶ 17).  The City contends that this claim is due to be dismissed because, based on plaintiff's allegations, the City afforded plaintiff procedural due process with regard to his recent termination and that any previous due process concerns were remedied by his reinstatement and subsequent pre-termination hearing.  (Doc. 5 at 8).  To the extent plaintiff bases his procedural due process claims on the lack of a post-termination hearing, the City asserts that his claim are premature because he has not been denied a post-termination hearing.  (*Id*.)

Plaintiff responds that the City has substantively violated his due process rights by failing to provide him with a timely post-termination hearing.  As of March 29, 2012, he asserts that nearly two months have passed since the City terminated his employment and that, although he has demanded a hearing, the City has implicitly refused his request.  (Doc. 7 at 4).  Plaintiff acknowledges that the City's Personnel Handbook "does not specifically define how much time Defendant has to provide an appeal hearing for [him]," and, instead, asserts that the handbook does provide "a twenty (20) day time period for a suspension appeal."  (*Id*. at 4 n.1).

Construing plaintiff's allegations in his favor, the court finds that he appears to allege that he is entitled to request a post-termination hearing with the Personnel Board, and possibly a hearing itself, and that he has now waited more than three months for a ruling on his request for

the hearing.  In light of this construction, the undersigned finds that the City's motion be construed as a motion for more definite statement for the due-process claim as to the post-termination hearing and that the appropriate remedy is to provide plaintiff 10 days to file a Second Amended Complaint.  Plaintiff is reminded that any amendment to Count Four must include specification of the federal laws the City has allegedly violated.

**E.**     **Count Five - Wrongful Demotion - Due Process**

In Count Five, plaintiff alleges that "[he] was demoted after being reinstated subsequent to Defendant's failure to provide him with due process" and that "[a]s a direct and proximate consequence of the above [he] has been caused to suffer damages."  (Doc. 3 at 3 ¶ 21).  The City contends that Count Five is due to be dismissed because plaintiff fails to allege sufficient facts to claim a due process violation with regard to his demotion.  (Doc. 5 at 10).  Plaintiff responds that he has provided sufficient facts because only "notice pleading" is required by the Federal Rules of Civil Procedure.  (Doc. 7 at 5).  However, this is no longer the law.  After *Twombly* and *Iqbal*, mere "notice pleading" is no longer sufficient for a complaint to withstand a motion to dismiss.  Instead, the Complaint must include "enough facts to state a claim to relief that is plausible on its fact."  *Twombly*, 550 U.S. at 555.  Plaintiff appears to restate his claim as  "[b]ecause Defendant did not afford [him] adequate due process to terminate (admittedly), it did not afford adequate due process to demote."  (*Id.*)

Based on the allegations in the Complaint, the court finds that this claim is insufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Therefore, the undersigned finds that the City's motion be construed as a motion for more definite statement for the due-process claim as to his demotion and that the appropriate remedy is to provide plaintiff

10 days to file a Second Amended Complaint.  Plaintiff is reminded that any amendment to Count Five must include specification of the federal laws the City has allegedly violated.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the City's Motion to Dismiss is due to be granted as to Counts Two, and Three, and denied as to Counts One, Four, and Five, and that plaintiff be allowed to file a Second Amended Complaint.

Any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed finding and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

**DONE**, this 29th day of May, 2012.

JOHN E. OTT
United States Magistrate Judge